# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC HANNA, through and by KATHY HENDERSON, Guardian Ad litem,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, et al.,<br><br>Defendants.<br>_____ / | Case No. 1:14-cv-00142-LJO-SKO<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL A DOCUMENT**<br><br>(Docket No. 75) |

## I. INTRODUCTION

On August 28, 2015, Plaintiff Dominic Hanna ("Plaintiff"), by and through his Guardian Ad Litem, Kathy Henderson filed a complaint against the County of Fresno, Margaret Mims, Edward Moreno, M.D., Pratap Narayen, M.D., Karen Nunez, Rick Hill, Marilynn Weldon, Tricia Nekola, Blanca Chavez, and Thayin Vu (collectively, "Defendants"). (Doc. 1.) On August 28, 2015, Plaintiff filed a request to file under seal a declaration of his counsel to support his motion for appointment of counsel pursuant to General Order 510. Plaintiff's request to seal his counsel's declaration in support of his request for appointment of counsel is GRANTED.

## II. DISCUSSION

A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'cs,*

*Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted).  In the Ninth Circuit, there is a strong presumption in favor of access to court records.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records).  The right to access is not absolute and can be overridden where there are sufficiently compelling reasons.  *Id.*

The party seeking to seal a document related to a non-dispositive motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (noting differing treatment of judicial records attached to dispositive motions versus those attached to nondispositive motions).[1]  In the Rule 26(c) context, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."  *Foltz*, 331 F.3d at 1130.  "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted).  "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Here, Plaintiff seeks to seal the declaration of his counsel in support of his request for appointment of counsel. (Doc. 5.)  Plaintiff contends the information contained in his counsel's declaration is attorney work-product, which is privileged.  Having reviewed the 8-page declaration, the Court finds it contains privileged attorney work-product information that is entitled to protection from disclosure.  *See generally Pac. Fisheries Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir.2008) (explaining that the attorney work-product privilege "shields both opinion and factual work product from discovery.")  As such, Plaintiff's request to seal this document is granted.

---

[1] Plaintiff's sealing request pertains to a request for the appointment of counsel, which is a nondispositive motion. As such, the "good cause" standard applies.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal the declaration of his counsel in support of his request for appointment of counsel is GRANTED; and
2. Plaintiff is directed to submit the documents to be sealed to the Clerk of the Court as set forth in Rule 141(e)(2)(i) of the Local Rules of the United States District Court, Eastern District of California.[2]

IT IS SO ORDERED.

Dated:  **September 7, 2015**                     **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE

---

[2] This can be accomplished by emailing the documents to ApprovedSealed@caed.uscourts.gov. A link to the Clerk's email address for sealed documents is contained on the Court's web site at the following location: http://www.caed.uscourts.gov/caed/staticother/page_1652.htm.

3