# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC HANNA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-00142-LJO-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docs. 74, 86, 87, 90) |

## I.  INTRODUCTION

Plaintiff, Dominic Hanna ("Plaintiff"), through his counsel, Carolyn Phillips, Esq., and Robert Navarro, Esq., filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 3, 2014. On August 28, 2015, after this action had been pending for more than a year, Plaintiff filed a motion to have his current counsel appointed as counsel pursuant to General Order 510. Following a hearing on September 28, 2015, Plaintiff filed a supplemental statement in support of his motion for appointment of counsel. (Docs. 85, 86.) Defendant filed an opposition to Plaintiff's initial motion for appointment of counsel (Doc. 77) and an opposition to Plaintiff's supplemental statement in support of his motion for appointment of counsel (Doc. 89). For the reasons set forth below, Plaintiff's motion for appointment of counsel is GRANTED.

## II. BACKGROUND

Plaintiff filed this action on February 3, 2014. (Doc. 1.) Plaintiff did not appear pro se when the complaint was filed -- it was filed on his behalf by Ms. Phillips and Mr. Navarro. Since that time, Plaintiff has remained represented by Ms. Phillips and Mr. Navarro. Approximately one and a half years after filing this action, Plaintiff filed a motion to appoint Ms. Phillips and Mr. Navarro as Plaintiff's counsel. A hearing was held on September 28, 2015, to determine whether there could be any cost savings in conjunction with pro bono appointment of counsel in *Deaver v. Mims*, 1:11-cv-1736-SKO, a case that involved some of the same facts and shared a defendant in common. (Doc. 84.) The parties did not believe there was sufficient overlap between this case and *Deaver* to provide any cost savings to the Court's pro bono fund. (Doc. 84.) The parties were given additional time to provide supplemental statements regarding the motion. (Doc. 84.)

## III. DISCUSSION

Through his counsel, Plaintiff filed a motion requesting that Ms. Phillips and Mr. Navarro be appointed to represent Plaintiff under General Order 510. (Doc. 74.) In a sealed declaration, Plaintiff's counsel explained their view regarding the merits of Plaintiff's claims. (Doc. 81.) In opposition, Defendants argue Mr. Navarro and Ms. Phillips have been representing Mr. Hanna as his private attorneys without an appointment from the Court, and they have been active in that representation. The exceptional circumstances Plaintiff claims are no different than those experienced by any litigant without means, except from Mr. Hanna's physical impairments for which his attorneys have been able to sufficiently compensate. (Doc. 77.)

**A.   Exceptional Circumstances Warrant Appointment of Counsel**

There is no constitutional right to appointed counsel in a Section 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a district court may, in its discretion, appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(d). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980)). Exceptional circumstances may be found to exist after evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d

1  at 1525 (quotations and citations omitted).  This showing has been met.

2        Mr. Hanna has significant physical and mental issues, rendering his ability to proceed pro
3  se impossible.  Although Plaintiff's guardian ad litem, Kathy Henderson, was permitted to
4  withdraw after Plaintiff was deemed competent by the Fresno County Superior Court for purposes
5  of an underlying criminal case, Plaintiff's disabilities would almost certainly preclude him from
6  articulating his claims against Defendants in the absence of counsel.  Because Plaintiff lacks the
7  ability to articulate his claims pro se due to the severe nature of his physical and mental
8  limitations, this element of exceptional circumstances has been met.

9        There is also a sufficient showing that the likelihood of success on the merits is fair.
10 Plaintiff's complaint has survived dismissal under Rule 12(b)(6), and thus Plaintiff has set forth
11 cognizable claims.  Although no motion for summary judgment has yet been considered, the initial
12 discovery shows that Plaintiff's claims are, at a minimum, supported by some evidence.  Beyond
13 stating cognizable claims, the production of some evidence to support the claims raises the
14 probability of success on the merits of the claims.  This element has been met.

15 **B.     Posture of this Case Warrants Appointment of Counsel**

16       A very basic premise of General Order 510 is that Plaintiff must be without counsel when
17 the appointment of counsel is sought.  While Plaintiff applied and made a sufficient showing of
18 indigence to have his application to proceed *in forma pauperis* granted, Plaintiff clearly is not
19 now, nor has he ever been, pro se in this action.  Although Plaintiff's counsel maintain they always
20 planned to seek to be appointed as counsel, they litigated the case for more than a year without
21 seeking to be appointed.  This procedural posture gives the Court pause.

22       The pro bono Fund is not intended as a financial back-stop where the strength of a case has
23 somehow been undercut or where the economies of the litigation have suddenly and unexpectedly
24 been altered.  Why Plaintiff waited so long to seek appointment of counsel is not apparent.  This,
25 however, must be balanced against the realities of Plaintiff's mental and physical situation.  Were
26 Plaintiff's counsel to seek to withdraw – a request that, given the proximity to trial, would
27 probably not be granted – Plaintiff's inability to proceed pro se would almost surely result in
28 appointment of counsel in any event.  Entertaining a motion to withdraw itself would likely upset

the litigation schedule; there is little advantage for either the parties or the Court in its need to administer its docket in denying Plaintiff's motion for appointment of counsel on the ground that Plaintiff is not currently pro se.  Although the Court finds Plaintiff's motion is outside the parameters of General Order 510 given Plaintiff's represented status, under the specific facts of this case, the Court grants the motion.

**C.    Plaintiff's Motion to Strike Defendants' Opposition Brief is DENIED as MOOT**

Plaintiff filed a motion to strike Defendants' opposition brief asserting that Defendants had no standing to object to Plaintiff's request for appointment of counsel.  As Plaintiff's motion is granted, the request to strike the opposition brief is moot.

## IV.    CONCLUSION AND ORDER

For the reasons set forth above, it is HEREBY ORDERED that

1.    Plaintiff's application for appointment of counsel is GRANTED;

2.    Plaintiff's motion to strike Defendants' opposition brief is DENIED as moot; and

3.    Requests for allocation from the pro bono Fund must be made in accordance with General Order 510.

IT IS SO ORDERED.

Dated:   **November 9, 2015**                    **/s/ Sheila K. Oberto**
                                                                           UNITED STATES MAGISTRATE JUDGE