UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC HANNA,<br>Plaintiff,<br>v.<br>FRESNO COUNTY, et al.,<br>Defendants. | Case No. 1:14-cv-00142 LJO/SKO<br><br>STIPULATION TO MODIFY SCHEDULING ORDER EXTENDING NON-EXPERT DISCOVERY CUT-OFF BY SIXTY DAYS |

Plaintiff Dominic Hanna by and through his counsel, Robert Navarro and Carolyn Phillips, and defendants Fresno County, et al., by and through their respective counsel Carey Johnson and Michele Pepper, stipulate and agree to modify the scheduling order to allow additional time within which to complete non-expert discovery from February 8, 2016 to April 8, 2016.

The original complaint in the above-entitled matter was filed February 3, 2014, a First Amended Complaint was filed May 8, 2014 followed by a Second Amended Complaint, to correct named defendants, May 20, 2014. Docs. 1, 20, 21. The Second Amended Complaint did not survive a motion to dismiss. See Docs. 21, 24, 38. The Third Amended Complaint filed July 27, 2014 survived defendants' motion to dismiss and an Answer was filed December 4, 2014, after which the litigation was suspended

pending determination of plaintiff's mental competence from January 29, 2015 through May 13, 2015. Docs 55-58. Defense counsel was substituted July 7, 2015.

Counsel for plaintiff requested appointment August 28, 2015, that request was granted November 9, 2015. Docs. 74, 91.

Since this date counsel have toured photographed and video taped the areas of the jail where plaintiff Hanna was incarcerated and the areas where he made two attempts to commit suicide. Further, plaintiff's counsel has taken three third-party witness depositions, and anticipates taking approximately twelve additional nonexpert depositions. The number of depositions reflects the number of percipient witnesses to the two separate suicide attempts, the mental assessment between attempts, and third parties and defendants responsible for the creation and implementation of mental health policies and procedures.

On August 27, 2015, plaintiff propounded two sets of document requests, one set to the County of Fresno and the second set to defendant Mims. These requests focused on documents regarding policies, procedures, and budgetary decisions of defendants. Responses, including objections, were served on October 13, 2015, after an extension was obtained. However, to date those responses remain incomplete. Until defendants' responses to the discovery are completed plaintiff believes that some depositions cannot be taken. Although defendants have objected to the written discovery, they are working on providing further documents. Defendants maintain that the nature of the requests are such that identifying and providing the documents is very time consuming.

Counsel for plaintiff has outlined the outstanding discovery yet to be completed

and discussed the same with opposing counsel on several occasions from November 9, 2015, to January 6, 2016. Mr. Johnson has stated that he is getting together other responsive documents but those documents have not yet been provided to counsel, and additional documents have yet to be identified by Mr. Johnson for production. On January 6, 2016 plaintiff served a Request for Production of Documents, Set Two on defendant Mims.

The number of depositions and connectedness of the written discovery to those depositions is due in part to the nature of this lawsuit, which includes not only civil rights violation, deliberate indifference to mental health needs, but also a Monell claim which is inherently document intensive. In addition to depositions of percipient witness, it will be necessary to depose individuals designated by the County to testify regarding the customs developed, implemented, enforced, encouraged and sanctioned by the County regarding the custom and practice regarding the treatment and care of inmates with mental health disorders, withholding psychiatric medications, and other constitutional deprivations in the Jail.

In order to complete the necessary discovery in preparation for trial additional time is necessary in order to adequately address the remaining depositions and written discovery.

On these bases the parties agree that an additional sixty-days for completion of non-expert discovery is necessary and hereby stipulate to extend the nonexpert discovery cut-off to April 8, 2016.

**IT IS SO STIPULATED:**

Dated: 1/7/2016

ROBERT NAVARRO
CAROLYN D. PHILLIPS

By: /s/Carolyn D. Phillips
Carolyn D. Phillips
Attorneys for Petitioner
DOMINIC HANNA

Dated: 1/7/2016

STAMMER, McKNIGHT

By:/s/ Carey Johnson
CAREY JOHNSON
MICHELLE PEPPER
Attorneys for Defendants

**ORDER**

GOOD CAUSE APPEARING, the Court grants the request to extend the non-expert discovery cut-off to April 8, 2016.

IT IS ORDERED THAT the Scheduling Order shall be modified to extend the discovery cut-off to April 8, 2016.

IT IS SO ORDERED.

Dated: **January 7, 2016**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE