# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC HANNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF FRESNO, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:14-cv-00142-LJO-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S COUNSEL'S REQUEST FOR AUTHORITY TO INCUR COSTS** |

## I.  INTRODUCTION

Plaintiff proceeds in this case against Defendants under 42 U.S.C. § 1983 represented by appointed counsel. The Court has received a request from Plaintiff's counsel seeking authority to incur $19,950 in expert-witness fees so that the expert may review the record, consult with counsel, and prepare for deposition and trial testimony. For the reasons set forth below, this request is DENIED without prejudice.

## II. DISCUSSION

On August 28, 2015, Plaintiff's counsel requested they be appointed by the Court to represent Plaintiff, explaining in relevant part as follows:

> Plaintiff Hanna's complaint focuses on the deficient mental health care at the Fresno County Jail, Fresno, California, and will require large amounts of document discovery and upwards of twenty depositions. Such a case would tax the resources of the most affluent law firm; here both the attorneys seeking appointment in this application are sole practitioners. We cannot advance costs for an undertaking of this magnitude. Without appointment, counsel will have to withdraw as plaintiff's attorneys of records.

(Doc. 74, ¶ 6.)

Plaintiff's counsel's request for appointment was unusual in several respects, including that (1) counsel had represented Plaintiff for nearly a year and a half prior to requesting appointment and (2) the request for appointment was predicated on how the case was too taxing for the resources of counsel.

On September 11, 2015, the Court ordered a hearing on Plaintiff's request for appointment of counsel specifically to address the issue of costs and whether there could be cost sharing with another case involving some similar issues. On September 28, 2015, the Court held a hearing regarding Plaintiff's counsel's request for appointment and expressed concern about how appointing Plaintiff's counsel would address the cost issue articulated by counsel.

On September 29, 2015, the Court issued a minute order noting its concerns with Plaintiff's request for appointment of counsel -- Plaintiff's counsel represented the cost of the litigation had become so prohibitive that if they were not appointed as counsel they would seek to withdraw from the case, but also represented that any costs sought from the Court's non-appropriated fund (the "Fund") would not be onerous. The Court permitted Plaintiff's counsel to supplement their request for appointment to address this concern.

In supplementing their request for appointment of counsel, Plaintiff's counsel

> estimate[d] a range of $2,000 to $8,000 for expert witnesses. This figure is an average of court approved expert witness fees for pro bono cases. Of course this amount depends on the number of experts and whether the experts are witnesses or consultants, but the bottom line is that the Court would maintain control of the expenditures and would not pay for fees for which counsel had not obtained

2

authorization.

(Doc. 87, 4:28-5:5.)

United States District Court for the Eastern District of California ("Eastern District") General Order No. 558 governs the "reimbursement of pro bono counsel appointed in indigent pro se civil cases." General Order 558 allows non-appropriated funds to be used to reimburse attorneys appointed to represent indigent parties for costs, including the costs of retaining expert witnesses. Such expenses include the following:

> Request[ed] reimbursement for costs of retaining expert and non-expert witnesses whose services are necessary in preparing their client's case. Except for good cause shown, all such services require prior approval of the judge before whom a case is pending before they may be purchased, regardless of their cost.

General Order No. 558 § 4(A)(3).

Plaintiff's $19,950 expert-fee request currently pending before the Court is far outside the parameters of counsel's original estimate. The expert Plaintiff wishes to retain charges a $350 hourly fee and it is estimated it will take approximately 57 hours of time to review the records, consult with counsel, and prepare for deposition and trial. This does not appear to include the time to sit for a deposition or to give testimony at trial – fees which may need to be incurred in the future.

As the Court explained at the hearing in September, the Fund is not unlimited; Plaintiff's current request is far above the average. Even if the volume of records to be reviewed by the expert is high and even assuming this is "not an ordinary excessive force case" as Plaintiff's counsel maintains (*see* Doc. 87, 8:11-12), expert-witness fees often can be negotiated in appointment cases such as this. Here, there is nothing suggesting this is a negotiated fee or that it is the best rate that could be obtained.

The amount of Plaintiff's request for expert-witness fees *underscores the serious concerns raised by the Court at the September 28, 2015, hearing*. Given the concerns previously raised by the Court, Plaintiff must provide further explanation to support a renewed request of even half the amount of the present request.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's counsel's request to incur expert-witness fees is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **February 17, 2016**                                         **/s/ Sheila K. Oberto**
                                                                                        UNITED STATES MAGISTRATE JUDGE