1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

DOMINIC HANNA,

          Plaintiff,

   v.

COUNTY OF FRESNO, et al.,

          Defendants.

_____/

Case No.  1:14-cv-00142-LJO-SKO

**ORDER GRANTING IN PART
PLAINTIFF'S REQUEST FOR
AUTHORITY TO INCUR COSTS**

## I.   INTRODUCTION

Plaintiff proceeds in this case against Defendants under 42 U.S.C. § 1983 represented by appointed counsel.  The Court has received Plaintiff's request for authority to incur fees for an expert witness.  Plaintiff seeks authority to incur $10,000 in expert witness costs pursuant to General Order 558.  For the reasons set forth below, the Court GRANTS IN PART Plaintiff's request, and grants authority to incur costs of $6,500.

## II.    DISCUSSION

On August 28, 2015, Plaintiff's counsel requested they be appointed by the Court to represent Plaintiff, explaining in relevant part as follows:

> Plaintiff Hanna's complaint focuses on the deficient mental health care at the Fresno County Jail, Fresno, California, and will require large amounts of document discovery and upwards of twenty depositions.  Such a case would tax the resources of the most affluent law firm; here both the attorneys seeking appointment in this application are sole practitioners.  We cannot advance costs for an undertaking of this magnitude.  Without appointment, counsel will have to withdraw as plaintiff's attorneys of records.

(Doc. 74, ¶ 6.)

Plaintiff's counsel's request for appointment was unusual in several respects, including that (1) counsel had represented Plaintiff for nearly a year and a half prior to requesting appointment and (2) the request for appointment was predicated on how the case was too taxing for the resources of counsel.

On September 11, 2015, the Court ordered a hearing on Plaintiff's request for appointment of counsel specifically to address the issue of costs and the potential for cost sharing with another case involving some similar issues.  On September 28, 2015, the Court held a hearing regarding Plaintiff's counsel's request for appointment, and expressed concerns regarding the effect of Plaintiff's request for appointment on the court's limited funds in light of the significant cost issue articulated by counsel.

On September 29, 2015, the Court issued a minute order noting its concerns with Plaintiff's request for appointment of counsel – Plaintiff's counsel represented the costs of the litigation had become so prohibitive that if they were not appointed as counsel they would seek to withdraw from the case, but also represented that any costs sought from the Court's non-appropriated fund (the "Fund") would not be onerous.  The Court permitted Plaintiff's counsel to supplement their request for appointment to address this concern.

> In supplementing their request for appointment of counsel, Plaintiff's counsel Estimate[d] a range of $2,000 to $8000 for expert witnesses.  This figure is an average of court approved expert witness fees for pro bono cases.  Of course this amount depends on the number of experts and whether the experts are witnesses or

2

1

2

> consultants, but the bottom line is that the Court would maintain control of the expenditures and would not pay for fees for which counsel had not obtained authorization.

3    (Doc. 87, 4:28-5:5.)

4

5    United States District Court for the Eastern District of California ("Eastern District")

6    General Order No. 558 governs the "reimbursement of pro bono counsel appointed in indigent pro

6    se civil cases."  General Order 558 allows non-appropriate funds to be used to reimburse attorneys

7    appointed to represent indigent parties for costs, including the costs of retain expert witnesses.

8    Such expenses include the following:

9

10    > Request[ed] reimbursement for costs of retaining expert and non-expert witnesses whose services are necessary in preparing their client's case.  Except for good cause shown, all such services require prior approval of the judge before whom a case is pending before they may be purchased, regardless of their cost.

11

12    General Order no. 558 § 4(A)(3).

13    Plaintiff's counsel explains they have diligently sought to contact and negotiate reduced

14    fees for services of an expert, contacting over 10 experts who refused to provide services at a

15    reduced rate.  These 10 experts consulted quoted between $350 and $550 per hour for their time.

16    On March 18, 2016, Plaintiff's counsel contacted an expert who would provide her services at a

17    50% reduced rate.  Plaintiff's counsel represents that, "[h]aving canvassed the expert witness field

18    for assistance, counsel can assure the Court that it is highly unlikely if not impossible to locate an

19    expert . . . willing to accept a lower fee."

20    Plaintiff's counsel have established their diligence in obtaining discounted expert witness

21    services, which generally supports awarding some of the expert witness fees requested.  However,

22    the amount requested is still higher than what Plaintiff's counsel estimated in their supplemental

23    request for appointment as counsel.  Moreover, the Court emphasized at the September 28, 2015,

24    hearing and in its September 29, 2015, minute order that appointment as counsel would not

25    obviate the cost issues counsel were facing and that the Fund was limited and would be unable to

26    absorb exorbitant litigation costs.  In other words, pro bono counsel frequently must adapt typical

27    litigation strategies to meet the economic realities of the case – this requires counsel to apply

28    creative cost-saving solutions, one of which may be limiting the number of hours or the manner in

1   which an expert performs his or her tasks.

2          Plaintiff's significant request for expert witness fees is precisely the type of situation about

3   which the Court cautioned Plaintiff's counsel at the time of their request for appointment as

4   counsel.  In light of the limited resources available in the Fund and for the expert witness fees and

5   the tasks required to be performed by the expert in this case, the Court finds $6,500 to be a

6   reasonable amount.

7                                    **III.    CONCLUSION**

8          Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for authority to incur

9   costs is GRANTED IN PART in the amount of $6,500.

10

11  IT IS SO ORDERED.

12  Dated:   **March 22, 2016**                          **/s/ Sheila K. Oberto**

13                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4